does not tend to the prejudice of the substantial rights of the defendant, upon the merits." Code Cr. Proc. § 285.

In People v. Munroe, 190 N. Y. 435, 83 N. E. 476, it was said:

"A grand jury, framing an indictment under section 228, subd. 2, of the Penal Code, providing that the robber must be 'aided by an accomplice actually present,' is bound to plead that fact and point out the accomplice, if able to do so, or aver that his name is unknown to them."

This we think has been done in the present case. In that case, as in this, the two persons alleged to have been accomplices were jointly indicted. They were tried together, and one of them was acquitted, and on the same evidence the other convicted. It was held that, if the evidence was not sufficient to convict one, it was not sufficient to convict the other. No such question arises in this case. In the Munroe Case the indictment was held sufficient, but the evidence was insufficient to sutain it.

The county judge in the present case carefully and clearly instructed the jury as to the necessity of proof required, and that without the existence of an accomplice actually present and assisting in the commission of the crime there could be no conviction in the first degree. There was no attempt to prove, nor was there any suggestion, that any other person was engaged in the commission of the crime, except Lamphere and Roof.

Discussion of the other questions raised is unnecessary, further than to say that we have carefully examined the evidence, and think that it fully justifies the verdict of the jury, and that no error was committed at the trial prejudicial to the defendant.

The judgment of conviction and orders must be affirmed. All concur except SEWELL, J., not voting.

---

STOKES v. INVESTORS' & TRADERS' REALTY CO. et al.

(Supreme Court, Appellate Division, First Department.    April 29, 1910.)

TRIAL (§ 13*)—CALENDARS—PREFERENCE—RULES OF COURT.

Plaintiff being clearly entitled to a preference under the rules of the court, it was error to refuse his motion therefor.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 13.*]

Appeal from Special Term, New York County.

Action by Jane A. Stokes against the Investors' & Traders' Realty Company and others. From an order denying his motion for a preference, plaintiff appeals. Reversed and granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George W. Carr, for appellant.
Charles L. Hoffman, for respondents.

PER CURIAM. As the plaintiff was clearly entitled to a preference under the rules of this court, it was error for the judge below to refuse to grant it.

The order is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes